## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERAMIE DALE OAKLEY, ) | |
| Plaintiff, ) | |
| vs. ) | CASE NO. 10-cv-110-JPG-PMF |
| JUSTIN ADRIAN, et al., ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Jeramie Dale Oakley's motion to strike the affirmative defense of collateral estoppel or for summary judgment in his favor on that defense (Doc. No. 28). The motion is opposed by defendant Gregory Malnar, who raised collateral estoppel as a defense in his answer (Doc. Nos. 27, 42).

Oakley is proceeding under § 1983, claiming that the defendants used excessive force to arrest him and conspired to deprive him of his Fourth Amendment right to be free from unreasonable seizure. Defendant Malnar raised the affirmative defense of collateral estoppel, alleging that Oakley is estopped from disputing the facts established in his criminal matter. In response to the motion, Malnar takes the position that any decision regarding the viability of this affirmative defense is premature and that the defense may be valid if Oakley disputes facts that were established during criminal proceedings in Missouri.

The Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Because motions to strike are disfavored, they are granted when it is appropriate to remove clutter from the case or when an affirmative defense is insufficient on the face of the pleading. *Heller Financial, Inc. v. Midwhey*

*Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989); *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

Summary judgment is proper where admissible evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact arises when the facts and inferences drawn in favor of the nonmoving party would permit a jury to return a verdict for that party. *Faas v. Sears, Robuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

The parties recite the elements of the defense, which are identical in all relevant points even though based on different sources of law.[1] The doctrine of collateral estoppel is premised on the idea that finality trumps when an issue has been fully litigated to judgment on the merits. *Czarniecki v. City of Chicago,* 633 F.3d 545, 548 (7th Cir.2011). It is agreed that Oakley's criminal case was litigated in Missouri. Because federal courts must give state court judgments the same preclusive effect they would have in state court, *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 519 (1986), Missouri law is consulted in considering whether Malnar has a sufficient collateral estoppel defense. *See Walsh Const. Co. of Illinois v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania,* 153 F.3d 830, 832 (7th Cir.1998).

Courts in Missouri would consider four factors in determining whether to apply the doctrine of collateral estoppel: (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Allstate Ins. Co. v. Blount*, 491 F.3d 903, 909(8th Cir. 2007)(applying Missouri law).

---

[1] Oakley cites to Illinois law, while Malnor cites to Missouri law.

Oakley points out that he was convicted of resisting arrest by vehicular evasion and leaving the scene of an accident based on his conduct in Missouri, not in Illinois, where he was arrested. He argues that an issue regarding the amount of force used during his arrest in Illinois was not necessary to the criminal judgment and was not raised or litigated in the criminal proceeding. Malnar points out that the actions and discussions among the officers which led to Oakley's arrest are relevant, suggesting that his criminal conduct may become an issue in this case (Doc. No. 42, p. 7).

As noted above, Oakley has raised a Fourth Amendment unreasonable seizure claim. Fourth Amendment claims are governed by an objective reasonableness standard, following examination of the totality of circumstances. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The totality of circumstances could conceivably reach the criminal conduct Oakley engaged in before he was arrested in Illinois. In other words, the reasonableness of an officer's use of force may require consideration of the severity of the crime and the nature of any threat posed by the person arrested. Hence, the possibility exists that an issue actually litigated in the Missouri criminal proceeding will become an issue in this civil rights case. At this early stage, Malnar should be allowed to raise the defense. Judgment on the validity of the defense under Rule 56 should be deferred, pending development of the facts and theories of recovery.

IT IS RECOMMENDED that Oakley's motion to strike be DENIED and that Oakley's motion for summary judgment be DENIED without prejudice.

**SUBMITTED:   May 31, 2011 .**

   S/Philip M. Frazier  
**PHILIP M. FRAZIER**  
**UNITED STATES MAGISTRATE JUDGE**