UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERAMIE DALE OAKLEY,

    Plaintiff,

    v.

JUSTIN ADRIAN, JOSEPH TOMAS, KEVIN ORR, TRACEY LEMONDS, CARL KINNISON, ADAM MILLER, DOUG MCDANIEL, M.D. LYNCH and G. MALNER,

    Defendants.

Case No. 10-cv-110-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 63) of Magistrate Judge Philip M. Frazier recommending that the Court grant in part and deny in part the motions for summary judgment filed by defendants Justin Adrian, Joseph Thomas, Kevin Orr, Tracy Lemonds, Carl Kinnison, Adam Miller, Doug McDaniel, Mike Lynch and Greg Malnar (Docs. 49, 52 & 57). Plaintiff Jeramie Dale Oakley has objected to the Report (Doc. 64), and Malnar has responded to that objection (Doc. 65).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This case arose after Oakley entered into Illinois while fleeing from Missouri law enforcement authorities. He was then arrested in Illinois. In the process of arresting Oakley, defendant Adrian used a taser on him multiple times and other defendants used physical force.

Oakley filed this lawsuit claiming the defendants violated his Fourth Amendment rights by using excessive force in arresting him or by failing to intervene to prevent the use of excessive force (Count 1) and committed a civil conspiracy in violation of 42 U.S.C. § 1985(3) (Count 2).

Magistrate Judge Frazier rejected Malnar's claim that he was entitled to qualified immunity for his failure to intervene to prevent excessive force but found that Miller was entitled to qualified immunity because Oakley had not pointed to a case clearly showing Miller's conduct was unreasonable in light of the facts and circumstances. Magistrate Judge Frazier further found that defendants Orr, Lemonds and Kinnison were not personally involved in any excessive force used on Oakley and that the use of force by defendants Adrian, Thomas, Lynch and McDaniel was not excessive. By extension, Malnar could not be liable for failing to intervene to prevent force that was not excessive. Magistrate Judge Frazier further found Oakley had not come forward with any evidence from which a reasonable jury could find the defendants conspired to deprive him of his constitutional rights. Finally, Magistrate Judge Frazier found that, to the extent Oakley had pled any state law causes of action, those causes of action should be dismissed without prejudice.

Oakley states that he objects to the Report's finding that qualified immunity applies but the substance of his objection challenges Magistrate Judge Frazier's conclusion that there was no evidence that the force used on him was excessive. He notes that being tased is very painful and diminishes a person's capacity. He argues that after he was tased he was incapable of further resistance to arrest. He believes he posed no threat once he was taken down to the ground and restrained, especially in light of the number of law enforcement officers that were present on the scene. He notes that there were less intrusive measures that could have been used to subdue him. Therefore, he argues, a reasonable jury could find the level of force used against him was excessive. The Court reviews Magistrate Judge Frazier's conclusions regarding this question and

related issues *de novo*.

Oakley does not dispute the Report's recitation of the applicable law, so the Court need not repeat it here.  The evidence submitted in conjunction with the summary judgment briefing, viewed in the light most favorable to Oakley, shows that, prior to Oakley's arrest, law enforcement officers heard a radio communication that Oakley was suspected of homicide and was fleeing arrest in a vehicle.  In his flight, he had collided with another vehicle and had not obeyed traffic rules.  Despite having his tires shredded by measures to stop him and his driving only on rims, Oakley fled into Illinois, where his vehicle was stopped and officers pulled guns on him.  When Oakley exited his vehicle, he walked toward the officers behind his vehicle and then stood for about two minutes with his hands at his side.  He did not obey law enforcement officers' instructions to show his hands or to lay face down on the ground and submit to an arrest.  Oakley's objection states that Adrian then warned he would deploy his taser.  He did, and Oakley fell to the ground on his back.  He did not obey instructions to roll over onto his stomach and submit to an arrest, so Adrian tased him again.  An officer placed one of Oakley's wrists in a handcuff, but Oakley did not comply with an order to allow his right hand to be cuffed as well.  Officers used force to turn Oakley onto his stomach, where he continued to struggle.  Adrian tased him a third time.  An officer determined Oakley did not have a weapon and placed the other handcuff on his other wrist.  Even after being handcuffed and secured, Oakley was still combative, so officers held his legs down and shackled them.

For the reasons stated in the Report, Magistrate Judge Frazier was correct to find that Oakley has not pointed to any cases that would have put a reasonable officer on notice that Miller's conduct in the arrest of Oakley would violate Oakley's constitutional rights.  He was also correct to find that, in light of the severity of the crime of which Oakley was suspected, his attempt

3

to evade arrest by fleeing in a dangerous and destructive manner, and his continuously resisting arrest and failing to obey law enforcement directions despite a warning that a taser would be deployed, the amount of force used to finally subdue Oakley was reasonable. In light of the totality of these circumstances, the officers did not use greater force than was reasonably necessary to arrest Oakley.

Oakley's speculation that he could not have continued his resistance to arrest once he had been tased and taken down on the ground lacks any evidentiary foundation. He cannot testify to what happened since he does not remember anything after the first taser was deployed, and he has not presented any admissible evidence showing that resistance would have been impossible in his condition. That some other unidentified less intrusive measures might have worked to subdue him is of no moment where the totality of the circumstances shows that the force used was reasonably necessary.

The Court further finds Oakley's comparison to the situation in *Bryan v. MacPherson*, 608 F.3d 614 (9th Cir.), *withdrawn and superseded by* 630 F.3d 805 (9th Cir. 2010), inapt. In that case, a taser was used on a driver who was suspected of a seatbelt infraction, was clearly unarmed, did not attempt to flee and was not resisting arrest. *Bryan*, 630 F.3d at 822. The Court found the use of force excessive. *Id.* at 832. However, *Bryan* is a far cry from the instant case factually and is therefore unpersuasive.

For the foregoing reasons, the Court finds that summary judgment is warranted for all defendants. Although the Report recommends granting in part and denying in part the motions, the Court believes that the motions should be granted in their entirety. Although several of the arguments made therein do not form the basis of the summary judgment (e.g., Malnar's qualified immunity argument is rejected), the end result is summary judgment for all defendants.

The Court has reviewed the other portions of the Report for clear error and finds none.

Accordingly, the Court:

- **ADOPTS** the Report (Doc. 63) as **SUPPLEMENTED** by this order;

- **OVERRULES** Oakley's objection (Doc. 64);

- **GRANTS** the defendants' motions for summary judgment on Counts 1 and 2 (Docs. 49, 52 & 57);

- **DISMISSES** any state law claims **without prejudice** pursuant to 28 U.S.C. § 1367(c)(3); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  March 21, 2012**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**